# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 21-0098V**

|  |  |
|---|---|
| BETH RUGE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 18, 2026 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 5, 2021, Beth Ruge filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 28, 2019. Petition at 1. On October 3, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation, following briefing and Expedited Hearing argument by the parties. ECF No. 45. On October 21, 2025, I issued a decision awarding damages to

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner based on the Respondent's proffer. ECF No. 48.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,658.50 (representing $32,748.20 in fees plus $910.30 in costs). Petitioner's Motion for Attorneys' Fees and Costs ("Motion") filed March 31, 2026, ECF No. 56. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 56-4.

Respondent reacted to the motion on April 9, 2026, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondents' Response to Motion at ECF No. 57. Petitioner filed no reply thereafter.

The rates requested for attorney work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. And all time billed to the matter was also reasonably incurred.

Regarding the time billed, I note this case required additional briefing regarding entitlement. *See* Petitioner's Motion for Ruling on the Record and Joint Response to Respondent's Rule 4(c) Report and Motion to Dismiss, filed Oct. 2, 2023, ECF No. 39; Petitioner's Reply to Respondents' Response to Motion for ruling on the record, filed Nov. 22, 2023, ECF No. 42. Petitioners' counsel expended approximately 15.3 hours drafting the entitlement brief and 3.3 hours drafting the responsive brief for a combined total of 18.6 hours. ECF No. 56-2 at 14-16. I find this amount of time to be reasonable and will award the attorney's fees requested.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 56-3 at 2-19. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$33,658.50 (representing $32,748.20 in fees plus $910.30 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master